NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLIFTON J. TERRELL, Jr., | No. 19-16320 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-03924-WHO |
| v. | |
| C. E. DUCART, Warden, Pelican Bay State Prison; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

California state prisoner Clifton J. Terrell, Jr., appeals pro se from the

district court's summary judgment on his 42 U.S.C. § 1983 action alleging a First

Amendment claim arising out of the delay in receiving kosher meals.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Sandoval v. County of*

_____

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), and we affirm.

The district court properly granted summary judgment for defendants Gomez, Holt, Peterson, and Ducart because Terrell failed to raise a genuine dispute of material fact as to whether these defendants personally participated in the prison's process to approve religious meals for prisoners. *See Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018) ("[D]efendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct."); *see id*. at 1243 ("[A] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." (internal quotation marks omitted)).

The district court properly granted summary judgment for defendant Losacco because Terrell failed to raise a genuine dispute of material fact as to whether Loscacco violated his First Amendment right to religious exercise. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (explaining that a prisoner "asserting a free exercise claim must show that the government action in question substantially burdens the . . . practice of [the prisoner's] religion.").

The district court properly granted summary judgment for defendant Abdullah on the basis of qualified immunity because it would not have been clear

2                                                                                         19-16320

to every reasonable prison official that a two-month delay in receiving kosher meals, during which the prison verified a prisoner's eligibility to receive kosher meals, was unlawful under the circumstances. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."); *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009) ("A right is 'clearly established' when its contours are sufficiently defined, such that 'a reasonable official would understand that what he is doing violates that right.'" (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999))).

Contrary to his contention, the district court did not fail to consider Terrell's equal protection claim because no such claim was clearly alleged in the operative complaint.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**